UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 10-285 |
| ARTHUR HARRIS AND ANDRE HARRIS | SECTION: J (1) |

**ORDER AND REASONS**

Before the Court are Defendant Arthur Harris's Motion in Limine to Prohibit Government Vouching for Credibility of Witnesses (Rec. Doc. 47) and the Government's response to same (Rec. Doc. 53); as well as the Government's Motion in Limine to Preclude Defendants from Attacking Credibility of NOPD Witnesses on the Basis of Recent Civil Rights Cases Involving Other NOPD Officers (Rec. Doc. 55).[1]

**BACKGROUND**

This case is set for trial on Monday, December 12, 2011. Defendant Arthur Harris and his co-defendant, Andre Harris, are charged with several drug and firearm counts. Police testimony is expected to comprise a significant portion of trial testimony. Defendant has moved that the Court prohibit the Government from vouching for the credibility of its witnesses, namely, from

---

[1] Defendants have not filed an opposition.

1

arguing that police officers or agents are telling the truth because they would not want to risk losing their jobs by lying. The Government responds that it will not improperly vouch for any witness in closing argument, but reserves the right to respond to credibility attacks against any of its witnesses. The Government also moves that the defendants, their counsel, and any defense witnesses be instructed not to make any references to any unrelated federal or state criminal indictments and/or investigations pertaining to the New Orleans Police Department ("NOPD") and its officers, including but not limited to the Danzinger Bridge shooting, the Henry Glover death, the Raymond Robair investigation, and the Daniel Brumfield death.[2]

**DEFENDANT'S MOTION IN LIMINE**

Defendant requests that the Government be instructed not to vouch for the credibility of its witnesses. Defendant's request appears specifically aimed at preventing the Government from making a closing argument that police officers or agents are telling the truth because they would not risk their jobs by lying at trial. The Fifth Circuit in U.S. v. Gracia, 522 F.3d 597, 601 (5th Cir. 2008) held that "it is impermissible *per se* for a

---

[2] The Government's motion was filed on December 6, 2011. Rec. Doc. 55. The deadline for filing pretrial motions was December 5, 2011. Rec. Doc. 41, at 1.

prosecutor to offer personal assurances to the jury that government witnesses are telling the truth . . . or to tell the jury that law enforcement witnesses should be believed simply because they were doing their job," or to ask "the rhetorical question whether federal agents would risk their careers to commit perjury." Additionally, "it is improper for a prosecutor to vouch for the credibility of a federal agent because this type of statement impermissibly invokes the 'aegis of a governmental imprimatur.'" U.S. v. Raney, 633 F.3d 385, 395 (5th Cir. 2011). The Government does not disagree with Defendant's argument but reserves its right to respond to any credibility attacks against its witnesses. Indeed, when the defense puts a law enforcement officer's credibility at issue, a different situation is presented. See U.S. v. Aguilar, 645 F.3d 319, 323 (5th Cir. 2011) ("When the defense suggests that a witness will lie, the Government is entitled to show that the witness has no motive to lie."). Defendant's motion has merit; the Government may not vouch for the credibility of its witnesses unless attacked by the defendants at trial.

## GOVERNMENT'S MOTION IN LIMINE

The Government characterizes its motion as largely responsive to Defendant's motion, and it requests the exclusion
3

of testimony and argument impeaching the credibility of government witnesses who are or were NOPD employees on the basis of recent civil rights cases involving the conduct of other NOPD officers.  The Government also requests that it be permitted to respond to any credibility attacks, should the defendants open the door and attack NOPD witnesses' credibility on the basis of recent civil rights cases.  The Government believes that the defense may attempt to refer to NOPD misconduct in several ongoing criminal matters, including the Danzinger Bridge shooting, the death of Henry Glover, the Raymond Robair investigation, and the now pending Daniel Brumfield case.

The Government argues that argument or testimony about police misconduct, especially in recent civil rights cases, would only serve to inflame, confuse, or mislead the jury into reaching a verdict based on extra-evidentiary concerns.  It argues that the alleged abuses by NOPD officers involved in the above-named criminal matters are irrelevant to Andre and Arthur Harris's crimes.  Further, it argues, even if NOPD misconduct, violence, and coverups are remotely relevant, which the Government does not concede, Rule 403 would mandate exclusion.  Such evidence and testimony would confuse the issues for the jury by injecting sympathy into its decision-making process.  Finally, the Government argues that if the defendants were allowed to raise

the ongoing issues with the NOPD, there would be an undue tendency of suggestion of a decision on an improper basis. Namely, testimony about NOPD misconduct would raise considerations that could cause jury nullification—the jury would be encouraged to reach a verdict on a basis other than the facts and the law.

General police misconduct within the NOPD, even if relevant, would be inadmissible under Rule 403, which permits a court to exclude relevant evidence whose probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needless presentation of cumulative evidence. Admission of such evidence and testimony would create the danger that the jury would conclude that NOPD witnesses are not telling the truth due to widespread misconduct throughout the police department. On the other hand, evidence of misconduct of the officers who testify would be relevant because it would be probative as to their truthfulness *vel non*. See FED. R. EVID. 608(b) (permitting a court, on cross-examination, to allow evidence of specific instances of a witness's conduct to attack her character for truthfulness, if such instances are probative of the witness's character for truthfulness or untruthfulness). Additionally, such evidence would survive Rule 403 because evidence of a

5

particular officer's prior misconduct is properly considered in determining how the officer acted regarding the case in which he testifies. Accordingly,

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion in Limine to Prohibit Government Vouching for Credibility of Witnesses (Rec. Doc. 47) is **GRANTED** to the extent that the Government is instructed not to vouch for its witnesses' credibility, except if attacked by the defendants at trial.

**IT IS FURTHER ORDERED** that the Government's Motion in Limine to Preclude Defendants from Attacking Credibility of NOPD Witnesses on the Basis of Recent Civil Rights Cases Involving Other NOPD Officers (Rec. Doc. 55) is **GRANTED** to the extent that the defendants are instructed not to refer to any alleged NOPD misconduct regarding officers who do not testify at trial.

New Orleans, Louisiana this the 8th day of December, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE